# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KHOURAICHI THIAM | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No.  4:19-CV-00633 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| T-MOBILE USA, INC., METROPCS TEXAS, LLC, LG ELECTRONICS U.S.A., INC., LG ELECTRONICS, INC. OF KOREA; INSPUR LG DIGITAL MOBILE COMMUNICATIONS CO., LTD; and LG CHEM LTD OF KOREA | § § § § § § § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant LG Chem LTD of Korea's ("LGC") Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. #43).  In Plaintiff Khouraichi Thiam's ("Thiam") Response (Dkt. #45), he requests jurisdictional discovery before ruling on the motion to dismiss. Having considered the motion and the relevant pleadings, the Court finds that Thaim's request for jurisdictional discovery should be granted.

### BACKGROUND

Thiam is an individual who was allegedly injured as a result of Defendants' product, the LG K20 Plus for T-Mobile ("LG K20"). Thiam purchased the LG K20 from MetroPCS in Dallas, Texas. (Dkt. #28 ¶ 16). On or about May 15, 2019, Thiam's LG K20 exploded in his hand leaving him "severely injured and permanently disfigured." (Dkt. #28 ¶ 17).

On July 16, 2019, Thiam filed a petition in Texas State Court. Defendants then removed the case to this Court. On September 3, 2020, LGC filed this Motion. Thiam claims Defendants

regularly engaged in the business of supplying or placing products like the LG K20 into the stream of commerce. (Dkt. #28 ¶ 28). Further, Thiam claims his injuries were caused by the defects in the LG K20, which was "designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, marketed, advertised, distributed, and/or sold by Defendants[.]"

## ANALYSIS

A district court has broad discretion regarding whether to permit a party to conduct jurisdictional discovery. *Wyattt v. Kaplan,* 686 F.2d 276, 283-84 (5th Cir. 1982). The scope of permissible discovery is limited by the relevancy of the inquiry, although relevance is construed broadly in the context of discovery. *Id.* "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

Thiam argues that it has made a preliminary showing of jurisdiction and that the discovery sought will produce relevant information. However, LGC argues that Thiam did not satisfy his burden to show the requested discovery will produce relevant information to defeat the pending motion to dismiss.

After reviewing the pleadings, the Court determines Thiam should be entitled to jurisdictional discovery. Thiam alleges that LGC has specific contacts with Texas when LGC manufactured the batteries used in the LG K20 phones, which ultimately made their way to Texas and to the hands of Thiam himself. Generally, as to all Defendants, Thiam claims "each Defendant through their employees and/or agents developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the LG K20 Plus for T-Mobile,

either directly or indirectly, to consumers across the nation, including the state of Texas, and have derived substantial income from such business." (Dkt. #28 ¶ 11). Considering the factual allegations above and understanding the production process of the LGC's cellphone batteries and their use in the LG K20 that exploded, Thiam's assertion that LGC has sufficient contacts with the State of Texas is a "preliminary showing of jurisdiction," such that his jurisdictional allegation can be supplemented through discovery. *See, e.g., Fielding v. Hubery Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

Further, the discovery is likely to produce facts that are needed to withstand LGC's Motion to Dismiss. *See Monkton Ins. Servs, Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). Thiam represented that he is seeking facts that will include:

> Whether LG Chem had an exclusive sales contract with the distributor; (Zoch, 810 F.App'x at 293.); the sales and distribution contracts for the LG K20; (Id.); the number of LG K20 Plus for T-Mobile phones sold within the State of Texas; (Id.); [LGC's] relationship with sellers within the state of Texas; the business relationship between the LG entities involved to completely ascertain what knowledge can, and should, be imputed onto [LGC] specifically; [LGC's] knowledge of the markets its batteries were flooding once passed along to its distributors; the contractual and actual relationship between [LGC] and the independent contractors referred to in [LGC] supporting affidavit at paragraph 26; whether [LGC] battery within the LG K20 was used in any other products and, if so, the distribution information for any such products; the number of batteries [LGC] produced for the LG K20; (Id.); the number of LG K20 phones sold globally; (Id.); the number of LG K20 phones sold in the United States; (Id.); the number of [LGC] batteries for LG K20 phones sold within the state of Texas; (Id.); the number of batteries [LGC] sold for use in the LG K20; (Id.); the number of LG K20 phones shipped globally; the number of LG K20 phones shipped to the United States; (Id.); the number of [LGC] batteries for LG K20 phones shipped to the state of Texas; (Id.); and additional numbers regarding the size of [LGC]. (Id.).

(Dkt. #45 at p. 17). Considering the allegations in this case, discovering the number of LGC batteries manufactured, sold, and shipped to the United States and Texas is relevant information to defeat LGC's Motion to Dismiss.

## CONCLUSION

It is therefore **ORDERED** that Thiam's request for jurisdictional discovery should be **GRANTED**.

Accordingly, it is so **ORDERED** that:

1. The parties shall have a meet and confer by no later than Tuesday, October 6, 2020, to determine a reasonable timeline for conducting jurisdictional discovery. After the completion of jurisdictional discovery, the parties shall provide supplemental briefing for the Motion to Dismiss for the Court to consider before ruling on the Motion.

2. The parties shall notify the Court of the timeline including a suggested supplemental briefing schedule by October 8, 2020.

SIGNED this 30th day of September, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE