# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KHOURAICHI THIAM § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> T-MOBILE USA, INC., METROPCS § <br> TEXAS, LLC, LG ELECTRONICS U.S.A., § <br> INC., LG ELECTRONICS, INC. OF § <br> KOREA; INSPUR LG DIGITAL MOBILE § <br> COMMUNICATIONS CO., LTD; and LG § <br> CHEM LTD OF KOREA § <br> § <br> *Defendants.* § | Civil Action No.  4:19-CV-00633 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant LG Chem, LTD's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #43).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff Khouraichi Thiam ("Thiam") is an individual who was injured as a result of Defendants' product—the LG K20 Plus cell phone for T-Mobile ("LG K20"). Thiam purchased the LG K20 from MetroPCS in Dallas, Texas. (Dkt. #28 ¶ 16). On or about May 15, 2019, Thiam's LG K20 exploded in his hand leaving him "severely injured and permanently disfigured" (Dkt. #28 ¶ 17).

On July 16, 2019, Thiam filed a petition in Texas state court. Defendants then removed the case to this Court. On September 3, 2020, Defendant LG Chem, LTD of Korea ("LGC"), filed this Motion. Thiam claims Defendants regularly engaged in the business of supplying or placing

products like the LG K20 into the stream of commerce (Dkt. #28 ¶ 28). Further, Thiam claims his injuries were caused by the defects in the LG K20, which was "designed, manufactured, tested, assembled, planned, engineered, constructed, built, inspected, marketed, advertised, distributed, and/or sold by Defendants" (Dkt. #28 ¶ 15).

In his Second Amended Complaint, Thiam brought claims for (1) strict liability—design defect; (2) strict liability—manufacturing defect; (3) strict liability—failure to warn; (4) negligence; (5) breach of express warranties; and (6) breach of implied warranties (Dkt. #28). On September 3, 2020, LGC filed this Motion to Dismiss under Rule 12(b)(2) (Dkt. #43). After Thiam responded and LGC replied, the Court ordered jurisdictional discovery (Dkt. #47). Following jurisdictional discovery, Thiam filed his Supplemental Response in Opposition (Dkt. #54), and LGC filed a Reply (Dkt. #60).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v.*

*Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by

contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal

jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id*.

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## ANALYSIS

### I. Minimum Contacts

LGC moves to dismiss the claims against it pursuant to Rule 12(b)(2) for lack of personal jurisdiction arguing the Court lacks specific jurisdiction. Specifically, LGC argues that "as a component part manufacturer, [LGC] did not target Texas as a destination for its product."

(Dkt. #43 at pp. 9–10). Thiam does not contest that this Court does not have general personal jurisdiction over LGC, so the analysis focuses on specific personal jurisdiction only.

LGC is a Korean company with its principal place of business in Seoul, South Korea (Dkt. #43 at p. 2). According to LGC, it is not licensed or registered to do business in Texas, has never had a registered agent in Texas, does not own or control personal property in Texas, does not maintain a bank account in Texas, has not purchased goods in Texas, does not maintain a mailing address or telephone number in Texas, and never paid income or property tax in Texas (Dkt. #43 at p. 2). Further, LGC claims it has no employees, officers, business agents, directors, or representatives residing in or assigned to duty in Texas (Dkt. #43 at p. 3). Importantly, LGC claims it has never manufactured, sold, shipped, or distributed its cell phone batteries to Texas (Dkt. #43 at p. 3). Additionally, LGC claims it has never directed marketing to citizens of Texas, nor has LGC directed distributors to sell its cell phone batteries in any particular country or state (Dkt. #43 at p. 3). LGC contends that similar to *Zoch v. Magna Seating (Germany) GmbH,* there is no proof that LGC placed its alleged component part in the stream of commerce with the expectation that it would be purchased or used by consumers in Texas (Dkt. #60 at p. 2). 810 F. App'x 285, 289–90 (5th Cir. 2020). In short, LGC contends that it has no connection to Texas.

Thiam argues otherwise. He maintains that LGC is subject to personal jurisdiction in Texas under the stream of commerce doctrine (Dkt. #45 at p. 6). According to Thiam, LGC knew or should have known that its products were being shipped to America and purchased by consumers in Texas. Thiam claims LGC attempts "to paint itself as a passive bystander, failing to acknowledge its contractual role as the designer, manufacturer, and supplier of the explosive lithium-ion battery within the LG K20 phone that is the subject of this litigation" (Dkt. #45 at p. 5).

According to LGC's answer to one of Thiam's interrogatory questions, LGC has sold over 6 million batteries for the LG K20 phone (Dkt. #54, Exhibit 1 at p. 6). Further, Thiam notes that LGC's batteries wound up in products sold by a company with over 800 stores in the state of Texas (Dkt. #45 at pp. 3–4). Thiam takes issue with LGC selling a cell phone component to the manufacturer of a cell phones and then claiming it does not know where the product could be sold (Dkt. #54 at p. 5).

The Fifth Circuit applies the three-step analysis mentioned above to analyze specific personal jurisdiction.[1] At step one, Thiam relies on the stream-of-commerce test, which is typically invoked in cases in which "a nonresident defendant, acting *outside* the forum, places in the stream of commerce a product that ultimately causes harm *inside* the forum." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 926. In the Fifth Circuit, "mere foreseeability or awareness" that the accused product will reach the forum state's market is "a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Ainsworth v. Moffett Engineering, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (quoting *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006). However, "the defendant's contacts must be more than random, fortuitous, or attenuated, or of the unilateral activity of another arty or third person." *Id.* at 177.

The Court agrees with Thiam—LGC is subject to personal jurisdiction in Texas under the stream of commerce doctrine. The fact that LGC never sold this particular cell phone battery in Texas is not determinative. *See Ainsworth*, 716 F.3d at 177 ("[M]ere foreseeability or awareness

---

[1] Thiam proffers *Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), to bolster its argument. Though the Supreme Court's recent decision echoes existing case law outlining current personal jurisdiction jurisprudence, the case is distinguishable from the facts here, and the analysis in *Ford* does not change this Court's conclusion.

[is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce.").

As noted above, LGC sold its batteries to major manufacturers—generally outside of the United States. Those manufacturers incorporated the battery packs into cell phones, which would ultimately find their way into the hands of consumers—often in the United States. LGC is a large and sophisticated company that does business in the consumer electronic industry. As such, LGC would recognize that the United States is one of the larger consumer electronics markets in the world. And LGC would also be aware that the companies that it sells the battery packs to would do business in the United States. LGC manufactured over 6 million of the battery packs. LGC states that it did not know where the batteries were ultimately shipped to, but LGC should have known that the batteries—contained within the final product manufactured by the companies it sold the batteries to—would end up in the hands of consumers in Texas.

LGC contends that it does not directly sell any of the batteries in Texas, and therefore it does not have the requisite contacts to establish personal jurisdiction. The Court disagrees. LGC cites to *Zoch* in supporting its position that this Court does not have personal jurisdiction over it. In *Zoch*, the plaintiff argued that the foreign defendant should have known that the car seat it manufactured would have been sold in Texas based on Texas's large population. 810 F. App'x at 291. The rationale of the plaintiff's argument was that the defendant should have known that a third party was going to incorporate its component part and sell the final product in the United States. *Id*. The Fifth Circuit found that the plaintiff's evidence regarding the number of registered drivers and vehicles in Texas was insufficient to conclude that the defendant should have reasonably anticipated being haled into court. *Id*. at 292.

8

First, *Zoch* is not binding on this Court. According to the Fifth Circuit, "unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)." 5th Cir. R. 47.5. Additionally, the Fifth Circuit in *Zoch* warns that it makes "no broad pronouncements with respect to the stream-of-commerce theory; and [its] decision should *not* be read as prohibiting the exercise of specific jurisdiction over all component parts manufacturers. Specific jurisdiction should be determined on a case-by-case basis under the facts of each individual case." 810 F. App'x at 292 (emphasis added).

The facts here are distinguishable. The plaintiff in *Zoch* failed to show how many Smart Fortwos ("Smart" cars) were sold in Texas. *Id.* The Fifth Circuit noted that though there were four Smart car dealerships in Texas in 2008, the court would was unwilling to freely make that assumption for the plaintiff because he bore the burden of proof on that element to establish jurisdiction. *Id.* at n.10. Thiam, however, provided the number of LG K20 Plus phones that were sold in Texas.[2] Thiam also provides evidence showing that LG K20 Plus batteries are being sold in Texas by Bastex Wireless and GlobaleParts (Dkt. #45, Exhibit 3). LGC denies any knowledge regarding these retailers but does not deny that the batteries the retailers are selling could have been LGC batteries.

If nothing else, LGC should have been aware that its batteries were making it to Texas through the stream of commerce. Additionally, Thiam's injury occurred in Texas because of one of LGC's products that found its way to Texas through the stream of commerce. His claim directly arises out of the contacts LGC had with Texas.

---

[2] 87,382 LG K20 Plus phones for 2017; 44,891 for 2018; and 334 for 2019 (Dkt. #63, Exhibit 2 at p.1).

9

**II. Fair and Reasonable**

Because Thiam has satisfied the first two prongs of the inquiry, the burden now shifts to LGC to show that the exercise of jurisdiction would be unfair or unreasonable. *See Seiferth,* 472 F.3d at 271 ("If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable.") LGC provides the Court with one footnote arguing that if it found there were sufficient minimum contacts, the Court's exercise of personal jurisdiction would be unreasonable because LGC is a foreign corporation (Dkt. #43 at p. 12). However, "[i]t is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin*, 587 F.3d at 760 (quoting *Wien Air Alaska, Inc.*, 195 F.3d at 215). Here, the Court finds no reason that having LGC defend a case in this Court would be unfair or unreasonable.

When determining whether the exercise of personal jurisdiction would be unfair or unreasonable, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. LGC has availed itself to the benefits of Texas. Importantly, LGC has even admitted that, despite the product being a different type of battery, LGC has a customer in Texas (Dkt. #43 at p. 4). Texas has an interest in protecting its citizens from faulty products and providing them a forum to seek relief for their injuries. Consequently, LGC has not carried its burden to show that the exercise of personal jurisdiction over it would be unfair or unreasonable.

## CONCLUSION

It is therefore **ORDERED** Defendant LG Chem, LTD's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #43) is hereby **DENIED.**

It is further **ORDERED** that Thiam's Motion for Leave to Supplemental Authority (Dkt. #72) is hereby **DENIED as moot.**

**IT IS SO ORDERED.**
**SIGNED this 20th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE